UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JO DEAN NUCHOLS, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:03-CV-301 |
| ) | (Phillips) |
| JAMES BERRONG, et al., ) | |
|     Defendants ) | |

## MEMORANDUM OPINION

Plaintiff has filed this civil rights action, pursuant to 42 U.S.C. § 1983 alleging that defendants violated her constitutional rights in terminating her employment after she notified Blount County Sheriff James Berrong's wife that he was having an extra-marital affair, and by threatening, in the presence of two other armed officers, to set her dog on fire, burn down her house, and kill her whole family. Defendants have moved for summary judgment on plaintiffs' substantive due process claim. For the reasons which follow, defendants' motions for summary judgment will be granted, and this action will be dismissed.

## Background

The facts in this memorandum opinion will be presented in the light most favorable to the plaintiff. Plaintiff Jo Nuchols was employed by the Blount County

Sheriff's Department as secretary to Sheriff James Berrong. Ms. Nuchols was also a friend of Sheriff Berrong's wife. Ms. Nuchols states in her complaint that she was aware that defendant Berrong was having a sexual relationship with a subordinate female employee of the Sheriff's Department. During a telephone call on or about May 29, 2002, defendant Berrong's wife asked Ms. Nuchols whether defendant Berrong and the subordinate female employee had traveled out of town together.

The complaint further alleges that the day after the telephone call between Nuchols and Mrs. Berrong, defendant Berrong called Nuchols into his office, in the presence of two other armed officers, and presented her with an audio tape of her conversation with his wife. Defendant Berrong then fired Nuchols. When Nuchols asked defendant Berrong what she had done, Berrong said, "You called my wife." Plaintiff's complaint further states that Berrong threatened plaintiff that if she told his wife about the audio tape, Berrong would "burn her house down, set her dog on fire, and there wouldn't be a member of her family left." Defendant Tony Crisp said to Nuchols, "Jo, this conversation never happened, do you understand me?"

Plaintiffs Jo Nuchols and her husband have brought this action against defendants to recover damages for the wrongful termination of Jo Nuchols in violation of federal and state law. The court previously dismissed plaintiffs' complaint for failure to state a claim upon which relief can be granted. Plaintiffs appealed to the Sixth Circuit Court of Appeals which affirmed the dismissal of plaintiffs' claims under the First Amendment, for civil conspiracy, and for equal protection. The Sixth Circuit

remanded plaintiffs' substantive due process claim for development of the record. Defendants have now moved for summary judgment on plaintiffs' substantive due process claim.

**Analysis**

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

3

Defendant James Berrong, individually, and in his official capacity, has moved for summary judgment on the grounds that his alleged conduct does not shock the conscience in a constitutional sense. Defendant Blount County, Tennessee has moved for summary judgment on the ground that plaintiffs have failed to establish any policy, usage or custom of Blount County that resulted in the deprivation of any of plaintiffs' constitutional rights. Plaintiffs oppose the motions.

Substantive Due Process Claim

To state a cause of action under 42 U.S.C. § 1983, plaintiff must allege the "deprivation of rights secured by the United States Constitution or a federal statute by a person who is acting under color of state law." *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003). Further, a § 1983 action lies against a local government only with respect to actions condoned by official policy or custom. *See Monell v. Dept. of Social Services,* 436 U.S. 658 (1978).

The Fourteenth Amendment provides that "no state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Plaintiff, however, does not advance a procedural due process claim in this case. Instead, she relies on the substantive component of the clause that protects individual liberty against "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams,* 474 U.S. 327, 331 (1986). To allege a violation of her substantive due process rights, plaintiff must assert either the "denial of a right, privilege, or immunity secured by the

4

Constitution or by federal statute" or an official act which "shocks the conscience of the court." *Mertik v. Blalock,* 983 F.2d 1353, 1367-68 (6th Cir. 1993). First, the court must consider whether the asserted interest constitutes a fundamental constitutional right. If the asserted interest is not a fundamental right, the court then must evaluate whether Sheriff Berrong's alleged conduct "shocks the conscience."

Plaintiff does not contend that she was deprived of a property right in continued employment without due process. Instead, plaintiff avers that Sheriff Berrong violated her clearly established Fourteenth Amendment right to substantive due process by threatening to set her dog on fire, burn down her house, and kill her whole family.

The due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm, *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998), but it does protect citizens from the arbitrary exercise of governmental power. *Darrah v. City of Oak Park,* 255 F.3d 301, 306 (6th Cir. 2001). To allege behavior that rises to the level of a substantive due process violation, plaintiff must demonstrate that Sheriff Berrong acted with the requisite culpability by engaging in conduct "so egregious that it can be said to be arbitrary in the constitutional sense." *Ewolski v. City of Brunswick,* 287 F.3d 492, 510 (6th Cir. 2002). Whether particular government conduct "shocks the conscience" depends on the factual circumstances of the conduct. *Id.*

Most cases alleging police conduct that shocks the conscience have involved allegations of excessive force or physical brutality. *Braley v. City of Pontiac,* 906 F.2d 220 (6th Cir. 1990); *Wilson v. Beebe,* 770 F.2d 578 (6th Cir. 1985). Plaintiffs' complaint, however, does not allege excessive force, battery or assault. The Sixth Circuit has stated that:

> Applying the "shock the conscience" test in an area other than excessive force . . . is problematic. Not only are there fewer instances in the case law, but the "shock the conscience" test is not as uniformly applied to cases where excessive force or physical brutality is not the basis of the claim. The "shock the conscience" standard, fuzzy under the best of circumstances, becomes fuzzy beyond a court's power to interpret objectively where there is a dearth of previous decisions on which to base the standard. We doubt the utility of such a standard outside the realm of physical abuse, an area in which the consciences of judges are shocked with some degree of uniformity.

*Braley,* 906 F.2d at 226.

Plaintiffs assert that Sheriff Berrong's threat following plaintiff's termination that he would burn her house down, set her dog on fire, and there wouldn't be a member of her family left[1], "shocks the conscience." Plaintiff describes the event as an angry, traumatic confrontation, that caused her serious and permanent emotional distress.

---

[1] In his affidavit, Sheriff Berrong states that he actually told Ms. Nuchols that if she called his wife again, "he would shave her dog, sugar her gas tank, and burn her house down." For the purposes of summary judgment, the court will assume Sheriff Berrong made the statement as alleged by plaintiff.

The substantive component of the Due Process clause is violated by executive action only when it "can properly be characterized as arbitrary or conscience shocking, in a constitutional sense." *Collins v. Harker Heights,* 506 U.S. 115, 128 (1992). In *Daniels v. Williams,* 474 U.S. 327, 332 (1986), the Supreme Court stated that "[o]ur Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." Thus, although the court finds Sheriff Berrong's threats highly offensive, "ungentlemanly conduct does not a constitutional violation make." *Burris v. Mahaney,* 716 F.Supp. 1051, 1056 (M.D.Tenn. 1989). Likewise, it does not create a liability for damages under 42 U.S.C. § 1983. Plaintiff's complaint may state a cause of action for the state law tort of outrageous conduct, but it does not state a cause of action of constitutional dimension cognizable in federal court. *See Costello v. Mitchell Pub. Sch. Dist.,* 266 F.3d 916, 921 (8th Cir. 2001) (berating student in front of class does not amount to a substantive due process violation); *Doe v. Gooden,* 214 F.3d 952 (8th Cir. 2000) (yelling, screaming, name-calling, and other verbal abuse does not demonstrate a constitutional violation); *Martin v. Sargent,* 780 F.2d 1334 (8th Cir. 1985) (verbal abuse is normally not a constitutional violation); *cf. Hawkins v. Holloway,* 316 F.3d 777 (8th Cir. 2003) (sheriff's conduct in pointing a loaded weapon at employees and threatening to shoot amounted to sincere threat of violence, in violation of employees' substantive due process rights).

As the above discussion indicates, the court can find no controlling authority where a court has held similar verbal conduct to be unconstitutional under facts not distinguishable in a fair way from the facts presented in the case at hand. The plaintiffs do not allege that Sheriff Berrong acted upon any threat or committed any battery or assault. Accordingly, because the plaintiffs have failed to establish that Sheriff Berrong's conduct was arbitrary, capricious, or so outrageous as to shock the conscience in a constitutional sense, summary judgment will be granted to Sheriff Berrong, individually, and in his official capacity, on plaintiff's substantive due process claim.

## Qualified Immunity

Even assuming that plaintiffs could state a claim for a substantive due process violation, the court would further find that Sheriff Berrong is entitled to qualified immunity for his actions. According to the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity involves a two-step inquiry. First, the court must determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. If the court finds a constitutional violation, it must then consider whether the violation involved "clearly established constitutional rights of which a reasonable person would have known." *Dickerson v. McClellan,* 101 F.3d

8

1151, 1158 (6th Cir. 1996). For a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Russo v. City of Cincinnati,* 953 F.2d 1036, 1042 (6th Cir. 1992) (quoting *Anderson v. Creighton,* 483 U.S. 635, 639 (1987). "Although it need not be the case that the very action in question has been previously held unlawful . . . in light of pre-existing law, the unlawfulness must be apparent." *Id.* (quoting *Anderson,* 483 U.S. at 640).

As discussed above, the court does not find that a constitutional violation occurred on the facts of this case. The plaintiffs' allegations of verbal threats on the sheriff's part fall into the category of misconduct for which no constitutional remedy is available. *See Collins v. City of Harker Heights,* 503 U.S. 115 (1992) (stating that the Due Process Clause does not purport to supplant state tort law). Even if a constitutional injury had occurred, the law is not sufficiently clearly established on this question to overcome qualified immunity. Because the court can find no controlling authority where a court has held that verbal threats alone shock the judicial conscience, Sheriff Berrong would not be on notice that his verbal threats would violate a clearly established Constitutional right. Accordingly, Sheriff Berrong would be entitled to summary judgment on his assertion of qualified immunity.

Municipal Liability

Having concluded above that plaintiffs have not shown a violation of their substantive due process rights by Sheriff Berrong, the court finds that Blount

9

County is entitled to judgment as a matter of law. Where, as here, a municipality's liability is alleged on the basis of the unconstitutional actions of its agents and employees, it is necessary to show that the employees inflicted a constitutional harm. *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986). An award of damages is not authorized against a municipal corporation based on the actions of one of its officers when the court has concluded that the officer inflicted no constitutional harm. *Monell v. Dept. of Social Ser. Of City of New York,* 436 U.S. 658 (1978). Because no such constitutional harm has been shown, summary judgment will be granted to Blount County on plaintiffs' municipal liability claim.

## Conclusion

For the reasons stated above, the motions for judgment as a matter of law filed by defendants [Docs. 49, 57] will be **GRANTED**, and this action will be **DISMISSED.**

**ENTER:**

    s/ Thomas W. Phillips
    United States District Judge